IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KIM JAY BRAUNSTEIN,          )
                             )
       Appellant,            )
                             )
  v.                         )  No. 11 C 7991
                             )
BRADLEY J. WALLER, Ch.7 Trustee, )
                             )
       Appellee.             )

# MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Appellant Kim Jay Braunstein's (Braunstein) appeal from the ruling of the bankruptcy court in bankruptcy case number 10 B 30688. For the reasons stated below, this court affirms the bankruptcy court.

# BACKGROUND

On July 7, 2010, Braunstein filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. Appellee Bradley J. Waller was appointed the Chapter 7 trustee over the bankruptcy estate (Estate). Appellee determined that it would be in

the best interest of the Estate to sell a certain property owned by the Estate (Property). On June 8, 2011, Appellee filed a motion to approve the bid procedure for the sale of the Property (Sale) with the bankruptcy court. On July 8, 2011, the day of the Sale, Braunstein filed a motion seeking to convert his bankruptcy from a Chapter 7 bankruptcy to a Chapter 11 bankruptcy (Motion to Convert ). The Sale proceeded and the bankruptcy court subsequently affirmed the results of the auction and entered a Sale Order, finding that the Property was sold to a good faith purchaser for a fair and reasonable amount. On September 16, 2011, the bankruptcy court denied the Motion to Convert. Braunstein subsequently filed the instant appeal, seeking to challenge the Sale and arguing that the bankruptcy court erred in denying the Motion to Convert. On May 2, 2012, this court granted Appellee's motion to dismiss the portion of this appeal relating to the validity of the Sale. The only remaining issue on appeal is whether the bankruptcy court erred in denying the Motion to Convert.

**LEGAL STANDARD**

A federal district court has jurisdiction, pursuant to 28 U.S.C. § 158, to hear appeals from the rulings of a bankruptcy court. 28 U.S.C. § 158. On appeal, the district court reviews the factual findings of the bankruptcy court under the clearly

2

erroneous standard and reviews the bankruptcy court's legal findings under the *de novo* standard. *Wiese v. Community Bank of Cent. Wis.*, 552 F.3d 584, 588 (7th Cir. 2009)(stating that the court "review[s] the bankruptcy court's determinations of law *de novo* and findings of fact for clear error," but "where the bankruptcy code commits a decision to the discretion of the bankruptcy court, [the court] review[s] that decision only for an abuse of discretion"); *see also In re A-1 Paving and Contracting, Inc.*, 116 F.3d 242, 243 (7th Cir. 1997)(stating that a "bankruptcy court's findings of fact are upheld unless clearly erroneous and the legal conclusions are reviewed *de novo*"). Where there are mixed questions of law and fact, the district court conducts a *de novo* review. *Freeland v. Enodis Corp.*, 540 F.3d 721, 729 (7th Cir. 2008).

## DISCUSSION

Braunstein argues on appeal that the bankruptcy court erred in denying the Motion to Convert, contending that there was no finding that Braunstein engaged in bad faith and that he has an absolute right to convert. Pursuant to 11 U.S.C. § 706(a) (Section 706(a)), a debtor can convert a Chapter 7 bankruptcy to a Chapter 11, 12, or 13 bankruptcy. *Id.* However, the right to convert a Chapter 7 bankruptcy under Section 706(a) is not an absolute right. *See In re Marrama*, 430 F.3d 474, 480 (1st

3

Cir. 2005)(stating that "[t]he plain language of subsection 706(a) in no sense undermines the presumptive authority of the bankruptcy court to take reasonable steps to thwart debtor abuse of the bankruptcy process"); *In re Irmen*, 2008 WL 320484, at *3 (Bankr. N.D. Ill. 2008)(stating that "[a]s the Opinion in *Marrama* reasoned, it would be absurd to allow a debtor the absolute right to convert to Chapter 11 under § 706(a) only to have that case immediately dismissed pursuant to 11 U.S.C. § 1112(b)(1)"); *see also* Fed. R. Bankr. P. 1017(f)(2)(requiring conversion to be presented in a motion and thus requiring court approval of motion). Despite the availability of conversion under Section 706(a), a bankruptcy court "retains its discretionary prerogative to deny conversion in some circumstances." *Marrama*, 430 F.3d a 476.

In the instant appeal, Braunstein has failed to show that a conversion in the bankruptcy proceedings would have been anything other than an exercise in futility. Braunstein has also failed to show that he should have been allowed to risk dissipation of the Estate assets in Chapter 11 proceedings. A dismissal of a Chapter 11 Bankruptcy proceeding under 11 U.S.C. § 1112(b)(1) "is appropriate if it is unreasonable to expect that a reorganization plan can be confirmed." *In re Bartle*, 560 F.3d 724, 730 (7th Cir. 2009)(stating that "[t]he decision to dismiss a Chapter 11 proceeding pursuant to section 1112(b) is one committed to the court's discretion").

Appellee has shown that the latest asset report for the Estate indicates that the Estate contains approximately $115,000 in cash, a 2008 BMW worth approximately $16,000, and a disputed claim against a lumber yard worth about $10,000. The record also reflects that the total liabilities for the Estate exceed $1.5 million. The record does not reflect that there is any business in the Estate that could be reorganized in Chapter 11 proceedings, and the record does not reflect that Braunstein even made a minimal showing that he had a plausible and confirmable reorganization plan that would yield significantly greater recoveries to creditors. Nor did Braunstein provide justification to the bankruptcy court to risk further dissipation of the remaining assets of the Estate. *See, e.g., In re UAL Corp.*, 635 F.3d 312, 320 (7th Cir. 2011)(stating that "[i]n the Chapter 11 context, the debtor's reorganization plan must provide means for curing or waiving any outstanding default"). Based upon the record, Braunstein failed to show the bankruptcy court that there was a reasonable likelihood that a reorganization plan would be confirmed, and the inevitable result of a conversion to a Chapter 11 bankruptcy in Braunstein's case would likely have been a reconversion back to a Chapter 7 bankruptcy pursuant to 11 U.S.C. § 1112(b)(1). *In re Irmen*, 2008 WL 320484, at *3 (indicating that in evaluating whether a conversion should be permitted, the "commonly used multi-part tests for determining bad faith," should not be given too much emphasis and that "the

5

determination should rest primarily on whether the debtor has any possibility of confirming a legally and economically feasible plan of reorganization"). The bankruptcy court was not required to permit the conversion to Chapter 11 bankruptcy since it would have been an exercise in futility, placing the assets of the Estate at risk.

Braunstein is also incorrect that the bankruptcy court was required to make an express finding that he was acting in bad faith in order to deny the Motion to Covert. The bankruptcy court indicated that the proposed conversion did not make sense and legitimately concluded that a conversion would be a waste of time and resources since the bankruptcy would inevitably be converted back into a Chapter 7 bankruptcy. (9/16/12 Hr. 2-4). The bankruptcy court properly concluded that the underlying goals of the Bankruptcy Code would not be best served by a conversion. In addition, as Appellee correctly points out, Braunstein failed to present anything other than an unsupported conclusory statement to the bankruptcy court to indicate that he was proceeding in good faith. The Motion to Convert consists of nothing more than a one-page document in which Braunstein states in a conclusory fashion that Section 706(a) provides that a debtor in a Chapter 7 bankruptcy can convert a bankruptcy to a Chapter 11 bankruptcy and requesting that the court permit Braunstein to do so. (Mot. Conv. 1). The record does not reflect that Braunstein

made any effort to show that he could produce a viable reorganization plan or to show that he was engaging in anything other than delay tactics regarding the disposition of Estate assets. *See, e.g., In re James Wilson Associates*, 965 F.2d 160, 170-71 (7th Cir. 1992)(stating that "[t]he clearest case of bad faith is where the debtor enters Chapter 11 knowing that there is no chance to reorganize his business and hoping merely to stave off the evil day when the creditors take control of his property"). While generally a debtor may not be required to make a showing of good faith or to present a plan of action for proposed Chapter 11 proceedings in a Motion to Convert, based on the record in this case, the Bankruptcy court was justified in concluding that the request for a conversion should be denied.

Braunstein contends that the bankruptcy court failed to provide a sufficient explanation for the denial of the Motion to Convert, contending that the court ruled "without giving any grounds for the denial." (App. 2). Braunstein also argues that the summary denial of his motion without specifically addressing whether Braunstein engaged in bad faith deprived him of his right to be heard on his Motion to Convert. Although debtors and creditors in bankruptcy proceedings "have a constitutional right to be heard on their claims," the record reflects that Braunstein was provided an opportunity to be heard on his Motion to Convert and that he received an appropriate ruling on that motion based on the facts and the evidence presented. *In re Bartle*,

560 F.3d at 730. The record reflects that Braunstein was given the opportunity to file the Motion to Convert. Also, the record reflects that when Appellee filed an objection to the Motion to Convert, arguing that a conversion would result in a needless waste of Estate assets, the bankruptcy court asked if Braunstein had "anything else to say on th[e] matter," and Braunstein stood silent and did not present any evidence to support the merits of his motion. (9/16/11 Hr. 4). Braunstein is not entitled to demand a detailed recitation of the bankruptcy court's reasoning underlying its ruling. Further, as discussed above, the bankruptcy court adequately justified its ruling. Braunstein also criticizes the bankruptcy court for not making "findings of fact or conclusions of law regarding its denial." (App. 5). However, there is no requirement that a bankruptcy court provide such an expansive and detailed ruling for each motion before it, and Braunstein cites no precedent indicating that such a ruling is required. In this instance, the record clearly supports the bankruptcy court's denial of the Motion to Convert. Therefore, the bankruptcy court did not abuse its discretion in denying the Motion to Convert. Based on the above, the bankruptcy court is affirmed in its entirety.

## CONCLUSION

Based on the foregoing analysis, this court affirms the bankruptcy court in its entirety.

_____
Samuel Der-Yeghiayan
United States District Court Judge

Dated: May 16, 2012